**Edwin AJQUI–MUNOZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73338.
Agency No. A78–061–698.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 13, 2005.

Charles E. Nichol, Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, Anthony C. Payne, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM**

Edwin Ajqui–Munoz, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from the Immigration Judge's order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is conferred by to 8 U.S.C.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

§ 1252. We review for substantial evidence, *Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000), and we dismiss in part, deny in part, and grant in part the petition for review.

We are precluded from reviewing the denial of Ajqui–Munoz's asylum application, and dismiss this portion of his petition for lack of jurisdiction. *See Ramadan v. Gonzales*, 427 F.3d 1218, 1222 (9th Cir. 2005) (holding that the Court lacks jurisdiction to review the agency's determination that an asylum application was not filed within one year after the last entry into the U.S.).

With regard to the withholding of removal claim, the record does not compel the conclusion that Ajqui–Munoz showed a "clear probability" that he will be persecuted upon returning to Guatemala. *See INS v. Stevic*, 467 U.S. 407, 424, 430, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984) (describing the standards for withholding of removal); *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (requiring a court to uphold an agency decision unless the record compels a contrary result). Consequently, substantial evidence supports the BIA's order denying withholding of removal.

Ajqui–Munoz testified that he was beaten by army personnel and forced to suck the blood of dead dogs. A licensed therapist testified that Ajqui–Munoz suffers from post-traumatic stress disorder and depression as a result of his experiences in Guatemala. Since the BIA did not address Ajqui–Munoz's CAT claim, we remand so that the BIA may make a determination as to Ajqui–Munoz's eligibility for CAT relief. *See Mohammed v. Gonzales*, 400 F.3d 785, 792–93 (9th Cir.2005) (the BIA must indicate with specificity that it

heard and considered petitioner's claims) (internal citations and quotations omitted).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts